**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

HAMID ZEINALI,

      Petitioner,

v.                                      No. 2:26-cv-00378-DHU-KK

GEORGE DEDOS, Warden, Cibola
County Correctional Center; TODD LYONS,
Acting Director, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; PAMELA
BONDI, U.S. Attorney General,

      Respondents.

## <u>ORDER GRANTING HABEAS PETITION</u>

This matter comes before the Court on Petitioner Hamid Zeinali's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully denied an opportunity for release on bond, in violation of the Immigration and Nationality Act ("INA") and his due process rights. *Id.* at ¶¶ 4, 54-63, 79-82. The Petition asks the Court to grant a writ of habeas corpus ordering Respondents to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. *Id.* at 29. Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED IN PART**.

**I.
BACKGROUND**

Petitioner Hamid Zeinali is a native and citizen of Iran who has resided in the United States since early 2025, when he fled Iran with his wife and young son to escape religious persecution. *Id.* at ¶ 25. After a brief detention at the border, Petitioner and his family were released from immigration custody, moved to Sylmar, California, and applied for asylum. *Id.* at ¶ 26. On July

1

17, 2025, Petitioner was taken into ICE custody and transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.* at ¶ 28. On October 15, 2025, an Immigration Judge ("IJ") found Petitioner inadmissible but granted him CAT protection, finding he would more likely than not be tortured by the Iranian government if returned to Iran. *Id.* at ¶ 29. The IJ did, however, deny asylum, which Petitioner appealed to the Board of Immigration Appeals ("BIA"). *See* Doc. 1-1 at 43; Doc. 11 at 2 (confirming an appeal was filed). That appeal remains pending.[1]

On February 11, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Mr. Zeinali contends that he should be entitled to a bond hearing under § 1226(a), *id.* at ¶ 80, and the Government's failure to provide him one violates his due process rights, *id.* at ¶ 81. Petitioner also argues that his detention is unreasonably prolonged, in violation of his substantive due process rights, and that ICE has violated its own custody review policy, violating the Administrative Procedure Act ("APA"). *Id.* at ¶¶ 83-90. The Petition asks this Court to:

(1) Assume jurisdiction over this matter;

(2) Enjoin Respondents from transferring Mr. Zeinali out of the District of New Mexico or removing him from the United States while this petition is pending;

(3) Declare that Mr. Zeinali is detained pursuant to 8 U.S.C. § 1226(a) and is entitled to an individualized bond hearing as a matter of statutory right;

(4) Issue a Writ of Habeas Corpus and order Respondents to provide Mr. Zeinali with an individualized bond hearing pursuant to § 1226(a) within seven (7) days of this Court's order;

---

[1] This is confirmed by the EOIR's Automated Case Information System.

(5) Order that at the bond hearing, Respondents shall bear the burden of justifying, by clear and convincing evidence, Mr. Zeinali's continued detention;

(6) Order that if Mr. Zeinali has not received a lawful bond hearing within the timeframe set by this Court, he shall be immediately released;

(7) Declare that Mr. Zeinali's continued detention violates his Fifth Amendment right to due process and order his immediate release;

(8) Declare that ICE's failure to conduct a custody review under its own policy violates the APA and Mr. Zeinali's due process rights;

(9) Order ICE to conduct an immediate custody review under the "exceptional circumstances" standard articulated in ICE policy, or conduct such a review itself; and

(10)    Grant any other and further relief that this Court deems just and proper.

*Id.* at 29-30.

Petitioner filed a Motion for Temporary Restraining Order ("TRO") the same day he filed his Petition. *See* Doc. 2. After a hearing, the Court granted in part Petitioner's Motion for TRO, enjoining his transfer outside New Mexico but denying the other relief requested, largely because of uncertainty about Petitioner's detention status. *See* Docs. 7, 9. The Government responded to the Petition on February 19, 2026, confirming that Petitioner's removal order is not final and so he is subject to either § 1225 or § 1226 for purposes of his pre-removal detention. Doc. 11 at 2. In the Response, the Government does not dispute the facts alleged by Petitioner. *Id.* at 5. Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 4. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, Case No. 2:25-cv-01076. *Id.*

3

And the Government concedes that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* at 5. The Government argued, however, that at any future bond hearing, this Court should not shift the burden of proof to the Government. *Id.* at 5-6.

On February 20, 2026, Petitioner submitted a Reply in support of his Petition, reiterating his request for a bond hearing with a shifted burden of proof. Doc. 14.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA, its implementing regulations, and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as the Government acknowledges in its Response, the Court has already considered two of the statutory and constitutional claims

raised by Petitioner. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026). Because the facts here are not materially different than those the Court analyzed in previous cases, *see* Doc. 11 at 5, the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of the vast majority of other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Mr. Zeinali, who entered the United States without inspection and has resided here since, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. The Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge* favor shifting the burden of proof to the Government in any future bond hearing.[2] For a detailed account of the Court's reasoning relevant to this decision, *see Requejo Roman v. Castro et al.*.

Because the Court resolves Mr. Zeinali's Petition on statutory and procedural due process grounds, it need not reach the merits of Petitioner's substantive due process and APA claims.

---

[2] The Court does not find Respondents' argument against shifting the burden persuasive.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") within 7 days of entry of this Order. If Petitioner does not receive such a hearing on or before Friday, March 27, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, March 30, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE