## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HAMID ZEINALI,

       Petitioner,

v.                                                                    No. 2:26-cv-00378-DHU-KK

GEORGE DEDOS, Warden, Cibola
County Correctional Center; TODD LYONS,
Acting Director, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; and PAMELA
BONDI, U.S. Attorney General,

       Respondents.

## <u>ORDER GRANTING EMERGENCY MOTION TO COMPEL COMPLIANCE WITH COURT ORDER</u>

THIS MATTER is before the Court on Petitioner Hamid Zeinali's Emergency Motion to Compel Compliance with Court Order. Doc. 20. Having considered Petitioner's Motion, Respondents' response to the Motion, and the relevant law, the Court finds that the Motion should be **GRANTED**.

On March 20, 2026, this Court entered an Order granting Petitioner's Writ of Habeas Corpus in part, and ordering Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days, specifically by March 27, 2026. Doc. 17 at 1, 6.

On March 24, 2026, Respondents provided Petitioner with a bond hearing. Doc. 18 at 1.

On March 25, 2026, Petitioner filed the instant Emergency Motion to Compel Compliance with the Court's Order. Doc. 20. In the Motion, Petitioner alleges that Respondents failed to provide him and his counsel with notice of the bond hearing in violation of his due process rights. *Id.* at 1, 6-7. Petitioner further alleges that his bond hearing was held without his counsel present also in violation of his due process rights. *Id.* at 7. Petitioner requests that the Court order his

immediate release, or, in the alternative, order Respondents to provide him with a new bond hearing. *Id.* at 2-3, 14.

That same day, this Court ordered Respondents to respond to Petitioner's Motion by Wednesday, April 1, 2026. Doc. 21.

On March 31, 2026, Respondents filed their response to the Motion. Doc. 22. In their response, Respondents state that they do not oppose that the Court order that a new bond hearing take place with sufficient notice to Petitioner and his counsel. *Id.* at 3, 4. Respondents ask that the Court provide them with at least three (3) days to reschedule the bond hearing and obtain translation services for the hearing. *Id.* at 3.

**IT IS THEREFORE ORDERED** that Respondents must provide Petitioner with a second individualized bond hearing before a neutral Immigration Judge ("IJ") within seven (7) days of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, April 8, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that Respondents must provide both Petitioner and his counsel with written notice of the bond hearing with three (3) days advance notice.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Wednesday, April 8, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE